UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**CLARENCE A. HILL, JR.**                                            **PLAINTIFF**

**v.**                             **CIVIL ACTION NO. 4:09CV-P58-M**

**DAVIESS COUNTY DETENTION CENTER** *et al.*            **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I.

Plaintiff brings this suit under 42 U.S.C. § 1983 against the Daviess County Detention Center (DCDC), Deputy Lt. J. Jones, Deputy C. Payne, and Deputy J. Alsip. Plaintiff's entire statement of claim is as follows:

> On May 28, 2009.
> Deputy Lt. J. Jones, Deputy C. Payne and J. Alsip came in Cell C-103 to do a cell search, they found a lighter, In my property. When I went to Isolation Cell, Lt. J. Jones, C. Payne and J. Alsip retrieved my personal property, when they presented my personal Belongings back to me, I had 40 pre-stamped envelopes, also 4 to 5 2 [cent] stamps missing! When I asked for my property back, I was threated again about gonna back to Isolation cell. I feel I'm being robbed in Jail by the Deputy's.

As relief, Plaintiff seeks return of his envelopes, monetary and punitive damages, and transfer from DCDC to prison.[1]

---

[1] The Kentucky Department of Corrections website indicates that Plaintiff has been transferred to Roederer Correctional Complex for assessment and classification. *See* www.corrections.ky.gov.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff sues Defendants Jones and Payne in their official capacity but fails to indicate in which capacity he sues Defendant Alsip. It is a plaintiff's affirmative duty to plead the capacity in which he is suing defendants. *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether defendants have been notified of the potential for individual liability. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001). In the present case, the complaint is devoid of any indication that Defendant Alsip has been sued in his individual capacity. Thus, absent indication to the contrary, the Court must presume Plaintiff is suing Defendant Alsip in his official capacity. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991).

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official capacity claims against Defendants Jones, Payne, and Alsip, therefore, are actually against Daviess County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

The claims against DCDC must also be brought against Daviess County because Daviess County is the real party in interest. Fed. R. Civ. P. 17(b); *Cf. Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (since the county police department is not an entity which may be sued, the county is the proper party); *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (suit against Fiscal Court and Judge Executive is a suit against the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is

actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a county policy or custom in causing his alleged harm. Rather, Plaintiff's plaint appears to be an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Daviess County. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

5

The complaint will, therefore, be dismissed by separate Order for failure to state a claim upon which relief may be granted.

Date:

cc: Plaintiff, Roederer Correctional Complex, P.O. Box 69, LaGrange, KY 40031
 Defendants
 Daviess County Attorney
4414.005